UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS R. HARRIS,

    Petitioner,

    v.

RAUL LOPEZ, Warden,

    Respondent.
_____/

No. C 11-0533 PJH

**ORDER TO SHOW CAUSE**

On February 3, 2011, petitioner Carlos Harris ("Harris"), a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Subsequently, on February 16, 2011, Stanley Friedman, filed a notice that he had been retained as counsel by Harris.

## BACKGROUND

A jury in the Santa Clara County Superior Court convicted Lopez of attempted murder, assault with a deadly weapon, and robbery in concert, and found true the sentencing enhancement that Lopez was armed with a deadly weapon. Lopez waived trial and admitted one "strike" and one prior serious felony that were alleged. The court sentenced Lopez to eighteen years to life in prison on the attempted murder conviction plus a consecutive sentence of one year for the firearm enhancement; stayed sentence on the assault count; and sentenced Lopez to four years on the robbery count plus an additional four months for the firearm enhancement. The court imposed an additional five-year consecutive term for the prior serious felony, resulting in an aggregate sentence of twenty-eight years, four months to life in prison.

Lopez appealed to the California Court of Appeal, which, on September 14, 2007, reversed and remanded to the trial court for resentencing. On June 20, 2008, the trial court imposed the identical sentence that it imposed initially. The California Supreme Court denied review on February 18, 2010. Lopez filed the instant petition on February 3, 2011.

## DISCUSSION

### A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Legal Claims

Lopez appears to have filed his petition pro se and to have subsequently retained counsel. Unfortunately, the memorandum of points and authorities ("MPA") Lopez attached to his pro se petition frames his claims as errors of state law only. Accordingly, as framed by the MPA, his claims are not cognizable under 28 U.S.C. § 2254. So that the court may properly assess the claims raised by Lopez, with the assistance of his newly retained counsel, Lopez is ORDERED to revise and re-submit his MPA attached to his petition **no later than fourteen days from the date of this order** such that his MPA clarifies what **federal** claims are being raised by Lopez in this **federal** habeas petition.

**IT IS SO ORDERED.**

Dated: March 2, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge