**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11   CARLOS R. HARRIS,

12            Petitioner,                         No. C 11-0533 PJH

13       v.

                                                **ORDER TO SHOW CAUSE**
14

     RAUL LOPEZ, Warden,
15

16            Respondent.
     _____/

17       On February 3, 2011, petitioner Carlos Harris ("Harris"), a state prisoner, filed a pro

18   se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Subsequently, on

19   February 16, 2011, Stanley Friedman, filed a notice that he had been retained as counsel

20   by Harris.  On March 2, 2011, the court's order noted that Harris appeared to have filed his

21   petition pro se and to have subsequently retained counsel.  Unfortunately, the

22   memorandum of points and authorities ("MPA") Harris attached to his pro se petition

23   framed his claims as errors of state law only.  Accordingly, the court further noted that as

24   framed by the MPA, Harris' claims were not cognizable under 28 U.S.C. § 2254.  So that

25   the court could properly assess the claims raised by Harris, the court ordered Harris, with

26   the assistance of his newly retained counsel, to revise and re-submit his MPA such that his

27   MPA clarified what federal claims he was raising.  With the assistance of Mr. Friedman, on

28   May 16, 2011, Harris supplemented the original petition filed with this court, and clarified

United States District Court

For the Northern District of California

1  the nature of his claims.

2  ## BACKGROUND

3      A jury in the Santa Clara County Superior Court convicted Harris of attempted

4  murder, assault with a deadly weapon, and robbery in concert, and found true the

5  sentencing enhancement that Harris was armed with a deadly weapon.  Harris waived trial

6  and admitted one "strike" and one prior serious felony that were alleged.  The court

7  sentenced Harris to eighteen years to life in prison on the attempted murder conviction plus

8  a consecutive sentence of one year for the firearm enhancement; stayed sentence on the

9  assault count; and sentenced Harris to four years on the robbery count plus an additional

10  four months for the firearm enhancement.  The court imposed an additional five-year

11  consecutive term for the prior serious felony, resulting in an aggregate sentence of twenty-

12  eight years, four months to life in prison.

13      Harris appealed to the California Court of Appeal, which, on September 14, 2007,

14  reversed and remanded to the trial court for resentencing.  On June 20, 2008, the trial court

15  imposed the identical sentence that it imposed initially.  The California Supreme Court

16  denied review on February 18, 2010.

17  ## DISCUSSION

18  **A.     Legal Standard**

19      This court may entertain a petition for writ of habeas corpus "in behalf of a person in

20  custody pursuant to the judgment of a State court only on the ground that he is in custody

21  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

22  2254(a).  It shall "award the writ or issue an order directing the respondent to show cause

23  why the writ should not be granted, unless it appears from the application that the applicant

24  or person detained is not entitled thereto."  28 U.S.C. § 2243.

25  **B.     Petitioner's Legal Claims**

26      Harris raises six claims for federal habeas relief, including:

27      (1)     his Sixth Amendment rights were violated because one of the jurors was

28

United States District Court

For the Northern District of California

1    biased;

2    (2)    his Sixth Amendment rights were violated when the trial court denied him

3           counsel of his choice;

4    (3)    his Due Process rights were violated when the trial court told the jury that he

5           and other codefendants were accomplices as a matter of law;

6    (4)    the trial court abused its discretion when it sentenced him;

7    (5)    the trial court abused its discretion in ruling on his *Romero* claim;

8    (6)    his Sixth Amendment right to effective assistance of counsel was violated

9           when his counsel failed to timely file a *Romero* motion.

10   Liberally construed, claims one, two, three, and six appear colorable under 28

11   U.S.C. § 2254, and merit an answer from respondent.  Claims four and five, however,

12   present issues of state law that are not cognizable in this federal habeas proceeding.

13   Accordingly, claims four and five are DISMISSED.

14                                    **CONCLUSION**

15   For the foregoing reasons and for good cause shown,

16   1.    Petitioner is ordered to pay the filing fee required in habeas cases.

17   2.    The clerk shall serve by certified mail a copy of this order and the petition and

18   all attachments thereto upon respondents.  The clerk shall also serve a copy of this order

19   on petitioner.

20   3.    Respondents shall file with the court and serve on petitioner, within 60 days of

21   the date of this order, an answer conforming in all respects to Rule 5 of the Rules

22   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

23   issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions

24   of the administrative record that are relevant to a determination of the issues presented by

25   the petition.

26   ////

27   ////

28

3

4.      If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:   June 14, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California